UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC PORTERFIELD, | ) | Case No. 4:10CV0340 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE SOLOMON OLIVER |
| | ) | (Magistrate Judge McHargh) |
| KEITH SMITH, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Eric Porterfield ("Porterfield") has filed a petition for a writ of habeas corpus pro se, arising out of his 2001 convictions for aggravated murder, kidnapping and other crimes, in the Trumbull County (Ohio) Court of Common Pleas. In his petition, Porterfield raises a single ground for relief:

> Porterfield was denied the right to effective assistance of appellate counsel when appellate counsel failed to raise 'Dead Bang Winners' in the error assignments of 1) Ineffective assistance of counsel, 2) Manifest weight of the evidence, 3) Violation of process, and 4) Ineffective assistance of counsel/defective advise.

(Doc. 1, at § 12.)

The respondent has filed a Return of Writ, arguing that the petition was untimely filed, and the claim has been procedurally defaulted. (Doc. 11.) Despite an extension of time to file (doc. 22), Porterfield has not filed a Traverse.

I. FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual and procedural background:

> On June 23, 2000, appellant along with Ronald Shaffer ("Shaffer") and Dennis Gossett ("Gossett") arrived at the residence of Dave Harper ("Dave") with the intent of robbing him of money and drugs. Appellant armed himself with an assault rifle, while Shaffer was armed with a twelve-gauge shotgun. Karen Mathey ("Karen") and Dave were sitting on his front porch as appellant and Shaffer approached. Appellant and Shaffer forced Karen and Dave into the house by gunpoint. At this time, Gary Bell ("Gary"), Chuck Mathey ("Chuck"), John Lago ("John"), Jennifer Atkinson ("Jennifer") and her infant son Dillon were gathered inside the house. When appellant, Shaffer, Karen, and Dave entered the house, Karen immediately ran to Jennifer and Dillon, and the three of them quickly ran up a flight of stairs to hide in a loft. Karen testified that moments after she reached the top of the stairs she heard multiple gunshots.
> 
> After the gunfire ceased and appellant and Shaffer had left, Karen and Jennifer went back down stairs. Karen found Chuck lying face down, shot in the back and not breathing. Gary had also been shot and was lying on the kitchen floor. Dave was found wandering the house in shock, bleeding profusely from gunshot wounds to the head, arm and thigh. Ultimately, Chuck was pronounced dead at the scene. Gary was transported to a level one trauma center where he was later pronounced dead. Dave was transported via life-flight to Cleveland Metro Hospital where he was treated for and survived three separate gunshot wounds.
> 
> Appellant was eventually arrested and charged with the following counts: two counts of aggravated murder with aggravating circumstances and firearm specifications, in violation of R.C.

2903.01(B), R.C. 2929.04(A)(5) and (7), R.C. 2929.14(C), and R.C. 2941.145 (counts one and two); one count of attempted aggravated murder with a firearm specification, in violation of R.C. 2923.02, R.C. 2905(A)(2), and R.C. 2941.145 (count 3); two counts of kidnapping with firearm specifications, in violation of R.C. 2905.01(A)(2) and R.C. 2941.145 (counts four and five); one count of aggravated burglary with a firearm specification, in violation of R.C. 2911(A)(1) and/or (2) and R.C. 2941.145 (count 6); and one count of aggravated robbery with a firearm specification, in violation of R.C. 2911.01(A)(1) and/or (3) and R.C. 2941.145 (count 7). Following his indictment, appellant filed a motion to determine his competency to stand trial and a motion to suppress. After a hearing, the trial court found appellant competent to stand trial and denied his motion to suppress.

Appellant then entered into a plea agreement with appellee, state of Ohio, whereby appellant would plead guilty to an amended indictment. [Doc. 11, RX 8.] Prior to accepting appellant's guilty plea, the trial court discussed with appellant his constitutional rights and the effect his guilty plea would have on those rights. The trial court accepted appellant's guilty plea; however, appellant, acting pro se, moved to withdraw his plea prior to sentencing. The trial court granted appellant's motion to withdraw his guilty plea and reinstated the original indictment. [Doc. 11, RX 9.]

After having new counsel appointed, appellant executed a jury waiver, and a three-judge panel was assembled to hear the matter. [Doc. 11, RX 12.] Following one full day of trial, appellant and the state entered into another plea agreement. Appellant pleaded guilty to an amended indictment which eliminated all aggravating circumstances contained in the two counts of aggravated murder (counts one and two). [Doc. 11, RX 13.] During a plea hearing, the trial court again advised appellant of his constitutional rights and the effect his guilty plea would have on those rights. Appellant stated that he understood his rights and the effect of his guilty plea and requested that the trial court accept his guilty plea. Accordingly, the trial court accepted appellant's guilty plea and immediately entered sentence.

The trial court sentenced appellant as follows: "[a] prison term of ten (10) years on Count three; ten (10) years on each of Counts Four, Five, Six, and Seven to be served concurrently to the sentence imposed in Count Three; Life with parole eligibility after serving twenty (20) years of imprisonment on Count One to be served consecutively to the sentence imposed in Count Three; and Life with parole eligibility after

3

serving twenty (20) years of imprisonment on Count Two to be served consecutively to the sentences imposed in Counts One and Three. Defendant to be sentenced to three (3) years on the firearm specification in Count Three which shall be served prior to and consecutive to the principle sentence.  The firearm specification in Counts One Two, Four, Five, Six, and Seven will merge with the firearm specification in Count Three, for an aggregate sentence of fifty-three (53) years to life." [Doc. 11, RX 14.]

Appellant again filed a motion to withdraw his guilty plea and a petition to vacate or set aside the judgment of conviction or sentence. Both the motion to withdraw and petition to vacate were denied. Appellant, acting pro se, filed a notice of appeal with this court, but the appeal was dismissed for being untimely.  Subsequently, appellant was appointed counsel and filed a motion for delayed appeal which was granted.  [Doc. 11, RX 18.]

(Doc. 11, RX 21; State v. Porterfield, No. 2002-T-0045, 2004 WL 231489, at *1-*2 (Ohio Ct. App. Feb. 6, 2004).)

### A.  Direct Appeal

In support of his delayed appeal, Porterfield raised the following assignments of error:

> 1.  The trial court erred by accepting appellant's guilty plea without first determining whether the appellant understood the effect of the plea and the maximum penalty involved.
>
> 2. The trial court erred by accepting a guilty plea without first determining whether the appellant understood the effect of the plea.
>
> 3. The trial court erred by accepting appellant's guilty plea without first finding that appellant was aware that the court could immediately proceed to judgment and sentencing upon acceptance of his plea, pursuant to Crim.R. 11.
>
> 4. The trial court erred by accepting appellant's guilty plea without first advising appellant that if the matter proceeded to trial, that

appellee would have the burden of proving appellant's guilty beyond a reasonable doubt as to Counts 2, 3, 4, 5, 6 and 7.

5. The trial court erred by accepting appellant's guilty plea without first advising appellant that if the matter proceeded to trial and appellant chose not to testify, that his not testifying could not be construed as an indication of guilt.

6. The trial court's imposition of consecutive sentences upon appellant is contrary to law.

(Doc. 11, RX 19.)

The court of appeals rejected his first five assignments of error, which challenged the validity of the trial court's acceptance of his guilty plea. Thus, his conviction was affirmed. However, the court agreed that the trial court failed to comply with the sentencing requirements of Ohio Rev. Code § 2929.14(E)(4). (Doc. 11, RX 21; Porterfield, 2004 WL 231489, at *11.) Thus, the court found that the sixth assignment of error had merit, and remanded the case for resentencing. (Doc. 11, RX 21; Porterfield, 2004 WL 231489, at *13.) Both Porterfield and the state filed motions for reconsideration, each of which was denied.

Both Porterfield and the state appealed the appellate judgment to the Supreme Court of Ohio. Porterfield set forth the following propositions of law:

1. A trial court commits reversible error when it fails to advise a criminal defendant at a plea hearing that the prosecution must prove the defendant's guilt beyond a reasonable doubt as to each charge.

2. A trial court commits reversible error when it fails to advise a criminal defendant that a plea of guilty is a complete admission of guilt to all charges.

3. A trial court is required to inform a criminal defendant during a guilty plea colloquy that his or her silence, as manifested by a

> defendant's decision not to testify, may not be used against the defendant to infer guilt.
>
> 4. A trial court commits reversible error when it fails to determine that a criminal defendant understands that, in addition to the maximum sentence to which he or she could be sentenced as to each individual charge, that he or she could be ordered to serve such sentences consecutively.

(Doc. 11, RX 30.) The court declined jurisdiction over Porterfield's discretionary appeal on May 12, 2004. (Doc. 11, RX 109; State v. Porterfield, 102 Ohio St.3d 1445, 808 N.E.2d 397 (2004).)

In their cross-appeal to the state high court, the state set forth the following proposition of law:

> 1. A trial court is not required to make factual findings and to state the reasons on the record for consecutive sentences when the State and the defendant jointly recommend a sentence, when the defendant stipulates to the factual findings required by R.C. 2929.14 and State v. Comer.

(Doc. 11, RX 32.) Porterfield filed a brief in opposition. (Doc. 11, RX 33.)


### B. Certified Question (Sentencing)

The court of appeals certified a conflict to the Ohio Supreme Court:

> Whether the language of [Ohio Rev. Code §] 2953.08(D) prohibits appellate review of a trial court's sentence when the defendant is convicted of aggravated murder and sentenced pursuant to a jointly-recommended sentence.

(Doc. 11, RX 34.) The Supreme Court accepted an appeal on the certified conflict, consolidated the appeal with another pending case, and requested briefing on the

6

issue. (Doc. 11, RX 35; State v. Porterfield, 102 Ohio St.3d 1444, 808 N.E.2d 396 (2004).)

    The State of Ohio set forth the following propositions of law:

    1. The language of [Ohio Rev. Code §] 2953.08(D) prohibits appellate review of a trial court's sentence when the defendant is convicted of aggravated murder and sentenced pursuant to a jointly recommended sentence.
    2. A trial court is not required to make factual findings and to state the reasons on the record for consecutive sentences when the State and the defendant jointly recommend a sentence, when the defendant stipulates to the factual findings required by R.C. 2929.14 and State v. Comer (2003) 99 Ohio St.3d 463.

(Doc. 11, RX 36.) Porterfield filed a brief in opposition. (Doc. 11, RX 38.)

On July 6, 2005, the Supreme Court of Ohio reversed the decision of the court of appeals. The court found that, because Porterfield was sentenced pursuant to a jointly recommended sentence which was authorized by law, his sentence was not subject to appellate review. (Doc. 11, RX 40-41; State v. Porterfield, 106 Ohio St.3d 5, 10, 829 N.E.2d 690, 695 (2005).)

### C. (Second) Direct Appeal

On Jan. 3, 2006, Porterfield filed a (second) notice of appeal of his October 2001 judgment and conviction. (Doc. 11, RX 50.) He stated his claim as "Final order and judgment of trial court Trumbull County Ohio conviction and sentence Case No. CR 402 is void due to the fact subject matter jurisdiction was not invoked per Ohio Rules of Criminal procedure." (Doc. 11, RX 50, at [5].) The state filed a motion to dismiss. (Doc. 11, RX 51.)

The court of appeals dismissed the appeal as untimely, and noted that Porterfield had already appealed. (Doc. 11, RX 52; State v. Porterfield, No. 2006-T-0001, 2006 WL 389553 (Ohio Ct. App. Feb. 17, 2006).) Porterfield filed a motion for reconsideration (doc. 11, RX 53), which was denied (doc. 11, RX 55).

The Supreme Court of Ohio declined jurisdiction over Porterfield's discretionary appeal on July 5, 2006. (Doc. 11, RX 110; State v. Porterfield, 110 Ohio St.3d 1411, 850 N.E.2d 72 (2006).)

### D. Motion to Vacate Sentence

On July 21, 2006, Porterfield filed a motion to vacate sentence in the trial court, arguing that he should be allowed to withdraw his plea because no valid complaint had been filed and thus the court lacked subject matter jurisdiction. (Doc. 11, RX 56.) The court denied his motion on the basis of res judicata, noting that he had already raised the issue on appeal. (Doc. 11, RX 57.)

Porterfield filed a notice of appeal on Feb. 15, 2007. (Doc. 11, RX 58.) The appellate court denied the appeal as untimely filed. (Doc. 11, RX 60; State v. Porterfield, No. 2007-T-0016, 2007 WL 1241137 (Ohio Ct. App. Apr. 27, 2007).)

Porterfield subsequently filed a notice of appeal with the Supreme Court of Ohio. (Doc. 11, RX 61-62.) On Oct. 3, 2007, the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 11, RX 63; State v. Porterfield, 115 Ohio St.3d 1421, 874 N.E.2d 538 (2007).)

### E.  Motion to Dismiss

On Oct. 18, 2006, Porterfield filed a "Motion to Dismiss for Lack of Adequate and Lawful Subject Matter Jurisdiction" in the trial court.  (Doc. 11, RX 64.)  The court denied the motion as res judicata, noting that the court had already addressed his argument.

Again, Porterfield filed a notice of appeal on Feb. 15, 2007, which was dismissed as untimely filed.  (Doc. 11, RX 66, 68; State v. Porterfield, No. 2007-T-0017, 2007 WL 1241164 (Ohio Ct. App. Apr. 27, 2007).)  Porterfield filed a notice of appeal with the Supreme Court of Ohio.  (Doc. 11, RX 69-70.)  On Oct. 22, 2007, the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 11, RX 71; State v. Porterfield, 115 Ohio St.3d 1421, 874 N.E.2d 538 (2007).)

### F.  Motion to Withdraw Plea

Undeterred, Porterfield next filed a "Motion to Withdraw Plea due to Lack of Jurisdiction" in the trial court.  (Doc. 11, RX 72.)  The trial court denied the motion on Dec. 20, 2007.  (Doc. 11, RX 73.)

Yet again, Porterfield filed a notice of appeal, on Jan. 7, 2008.  (Doc. 11, RX 74.)  On Feb. 5, 2008, Porterfield filed another notice of appeal, marked "delayed."  (Doc. 11, RX 74.)  The state filed a motion to dismiss, and Porterfield responded, which led the appellate court to grant an extension of time to file his brief.  (Doc. 11, RX 78.)

After Porterfield filed his brief (doc. 11, RX 79), and the state responded (doc. 11, RX 80), the court of appeals affirmed the trial court's judgment denying his motion to withdraw his guilty plea. (Doc. 11, RX 81; State v. Porterfield, No. 2008-T-0002, 2008 WL 4901780 (Ohio Ct. App. Nov. 14, 2008).)

The proceedings assumed their familiar course: Porterfield moved for reconsideration. (Doc. 11, RX 82.) Denied. (Doc. 11, RX 83.) Notice of appeal to Ohio Supreme Court. (Doc. 11, RX 84-85.)

On Apr. 8, 2009, the Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 11, RX 87; State v. Porterfield, 121 Ohio St.3d 1440, 903 N.E.2d 1223 (2009).)

G. Application for Reopening

The following week, Apr. 17, 2009, Porterfield filed an application for reopening, pursuant to Ohio App. Rule 26(B). (Doc. 11, RX 88.) Porterfield argued that ineffective assistance of appellate counsel was evidenced by the failure to raise the following assignments of error:

> 1. Trial court erred when it accepted appellant's guilty plea without first determining jurisdiction and without first finding that appellant was aware that the trial court could immediately proceed to judgment and sentencing upon acceptance of his plea, pursuant to Crim. Rule 11, Crim Rule 11(F), under R.C. 2945.06.
>
> 2. Does the trial court commit reversible error when accepting appellant's guilty [plea] when trial counsel acted ineffective[ly]. Due to Crim. Rule 11(F).

(Doc. 11, RX 88.) The court of appeals denied the application as untimely. (Doc. 11, RX 90.)

Porterfield filed for reconsideration (doc. 11, RX 91), which was denied (doc. 11, RX 92). Notice of appeal to Ohio Supreme Court. (Doc. 11, RX 93-94.) Denied. (Doc. 11, RX 95.)

### H. Motion to Withdraw Plea

On Aug. 30, 2009, while his application for reopening was pending, Porterfield filed one more motion in the trial court to withdraw his guilty plea. (Doc. 11, RX 96-97.) The motion denied on Jan. 11, 2010. (Doc. 11, RX 99.)

The inevitable notice of appeal filed Jan. 25, 2010. (Doc. 11, RX 100.) The following assignment of errors presented:

> 1. The trial court erred when denying Appellant's Motion to Vacate a Void Sentence in accordance with Ohio Revised Code Section 2967.28.
>
> 2. The trial court abused its discretion when denying Appellant's Motion to Withdraw his Guilty Plea pursuant to Ohio Criminal Rule 32.1.

(Doc. 11, RX 101.) At the time that the respondent filed its Return of Writ, this appeal was pending.[1] (Doc. 11, at 13.)

---

[1] Since that time, the court of appeals ruled, affirming the lower court's judgment on Sept. 10, 2010. State v. Porterfield, No. 2010-T-0005, 2010 WL 3528925 (Ohio Ct. App. Sept. 10, 2010). The Supreme Court of Ohio once again declined jurisdiction over his discretionary appeal on Feb. 2, 2011. State v. Porterfield, 127 Ohio St.3d 1533, 940 N.E.2d 986 (2011).

During the pendency of this appeal, Porterfield filed an additional notice of appeal, of a July 8, 2009, judgment entry, as well. (Doc. 11, RX 103.) The court of appeals dismissed this appeal, noting first of all that there was no indication on the docket of a July 8, 2009, judgment entry, and that the appeal appeared to duplicate an earlier appeal. (Doc. 11, RX 105.)

Porterfield filed the petition for a writ of habeas corpus on Feb. 2, 2010. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct

governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Porterfield has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. PROCEDURAL DEFAULT

13

The petition alleges ineffective assistance of appellate counsel. (Doc. 1.) The respondent asserts that this claim has been procedurally defaulted. (Doc. 11, at 17-18.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). See generally Strickland v. Washington, 466 U.S. 668, 689 (1984) (two-part test). A criminal appellant is constitutionally entitled to the effective assistance of counsel in his direct appeal. Evitts v. Lucey, 469 U.S. 387 (1985).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." Monzo v. Edwards, 281 F.3d 568, 578 (6th Cir. 2002) (quoting State v. Williams, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)). Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion to re-open the appeal before the Ohio Court of Appeals. Monzo, 281 F.3d at 577 (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam). Porterfield did not file a timely motion to re-open.

Porterfield first filed an application for reopening, pursuant to Ohio App. Rule 26(B), on Apr. 17, 2009. (Doc. 11, RX 88.) Porterfield's Rule 26(B) application was rejected by the state court of appeals as untimely. (Doc. 11, RX 90.) The court noted that the appellate judgement was entered in February 2004[2], and his application was not filed until over five years later. (Doc. 11, RX 90, at 4; see doc. 11, RX 21; Porterfield, 2004 WL 231489 (Feb. 6, 2004, judgment.)

---

[2] The affidavit attached to the application clarifies that the Feb. 2004 appellate judgment is indeed the one at issue. (Doc. 11, RX 88, at [23], Porterfield aff., alleging ineffectiveness of counsel "during my first appeal.")

15

Rule 26(B)'s 90-day filing period is a state procedural rule applicable to Porterfield's claim, and the state court found that Porterfield failed to comply with the timely-filing provision.  The state court  enforced the procedural sanction by denying his application for reopening.  The Sixth Circuit has found that this is an adequate state procedural ground.  Smith v. Ohio, Dept. of Rehab. & Corr., 463 F.3d 426, 436 n.7 (6th Cir. 2006); Monzo, 281 F.3d at 577-578.

Any ineffective-assistance claims that Porterfield could have properly asserted, but did not, are defaulted under the Ohio doctrine of res judicata.  Jacobs, 265 F.3d at 417; Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001); State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) (syllabus, ¶9).  If a petitioner is barred by a state procedural rule from raising a federal claim in state court, he is not permitted to raise the issue in his habeas petition absent a showing of cause and prejudice.  Engle v. Isaac, 456 U.S. 107, 129 (1982); Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977).

Application of the Ohio rule of res judicata satisfies the first three factors in Maupin.  Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded counsel's efforts to comply with the state's procedural rule.  Coleman v. Thompson, 501 U.S. 722, 753 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

16

Porterfield has not demonstrated cause for his failure to file a timely application. Because Porterfield has not shown cause, it is unnecessary to consider the issue of prejudice. Murray, 477 U.S. at 494; Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW). Absent a showing of cause and prejudice to excuse the procedural default, the court will not review the merits of the claim. Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002).

The ineffective assistance of counsel claim has been procedurally defaulted.

## IV. SUMMARY

The petition should be denied, as the sole ground for relief has been procedurally defaulted.

## RECOMMENDATION

It is recommended that petition for a writ of habeas corpus should be denied.


Dated:  Apr. 7, 2011                                /s/ Kenneth S. McHargh
                                                                Kenneth S. McHargh
                                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).